IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL JONES, #232-420            Petitioner, | * |
| v. | *     CIVIL ACTION NO. AW-06-451 |
| CINDY ELZEA, et al.,            Respondents. | * |

******

**MEMORANDUM**

On February 21, 2006, Petitioner Michael Jones filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for first degree rape, breaking and entering, kidnapping, unauthorized use of a vehicle, malicious destruction of property, assault, battery, and theft entered against him in 1993 by the Circuit Court for Somerset County, Maryland.[1] Paper No. 1. On April 4, 2006, Respondents filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. Paper No. 6. Pursuant to this Court's Order of May 17, 2006, Petitioner was granted until June 17, 2006, to file a reply to the Answer stating that the Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 7. Petitioner has replied. Paper No. 8.

Petitioner's conviction was entered on April 7, 1993, after a trial by jury. Petitioner was sentenced on May 26, 1993, to a term of life plus 45 years. Paper No. 6, Ex. 1. Petitioner noted a timely appeal to the Maryland Court of Special Appeals, which affirmed his convictions on July

---

[1] The Petition and subsequent filings also contain allegations that Petitioner was denied medical care while housed at the Eastern Correctional Institution for tooth and gum pain. Paper Nos. 1, 4, and 5. This allegation shall not be considered at this time. If Petitioner believes that his constitutional rights have been denied in the denial of medical care he is free to file a separate civil rights complaint.

1, 1994. The court's mandate issued on August 1, 1994. *Id.*, Ex. 2. Petitioner did not seek further appellate review, and did not institute state post-conviction proceedings. *Id.*

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d).[2] Although the statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This

---

[2]This section provides:

>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>      (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>      (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
>      (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Somerset County became final prior to the effective date of AEDPA. Petitioner had no proceedings pending which would serve to toll the limitations period from the enactment of AEDPA until the filing of this case on February 17, 2006 (the date he signed the instant Petition). *See* 28 U.S.C. § 2244(d)(2). Thus, the instant Petition has been filed outside the applicable limitations periods, and Petitioner will be permitted to proceed only if he is entitled to invoke the doctrine of equitable tolling.

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one-year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.,* at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the respondent's acts prevent the petitioner from asserting the claim, or where extraordinary circumstances beyond the petitioner's control prevent him from filing a timely claim. *Id.*, (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). Petitioner has offered no arguments in favor of equitable tolling. Petitioner is advised that his lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of plaintiff's unfamiliarity with the legal process or his lack of legal representation). Accordingly, a separate Order will be entered denying

the Petition as time-barred under 28 U.S.C. § 2244(d).


July 28, 2006                                  _____/s/_____
                                                           Alexander Williams, Jr.
                                                           United States District Judge